which is Rasko v. New York City Administration for Children's Services. You can raise that podium up, maybe the court security officer can help you to do that. Yeah, we'll just raise that up so it's a little more comfortable for you. Tell me when you're comfortable, okay. Is that good? I should ask judges first. Your Honors, I have an opening statement written short. May I give it to you and counsel? Do you want to read it or do you want to- No, no, I will do, but in case- Do you want to read it to us now? Is that what your argument is? No, I will not read, but it's not all, just the opening statement. May I? Why don't you just leave it there and we'll get it up after we recess the court. Did you want to add to that? Do you want to say something in addition, though? No, okay, after you say. Why don't you just tell us what's in the statement first? Not now. Ms. Brasco, I think the idea is that you have already submitted a written statement, correct? Okay. You've submitted a written brief. The purpose of this proceeding is to give you the opportunity to speak to us in person if you wish to do so. I understand. Thank you. You're entitled to do that, and if you'd rather just submit a supplementary written statement, I suppose we're willing to take it. Okay, I understand. Thank you, Your Honors. May it please the Court. Go ahead. My name is Jeanette Brasco. I'm a process plaintiff. I ask this Court to reverse the judgment of district court. In my initial brief, I argued district court judged wrong disregarding defendant's pretext and direct evidences of discrimination. In its answer brief, defendant was unable to respond to this, failing to address it. Defendant's arguments for all other issues are unavailing. Pretext is most important because it proves defendant tried to cover up discrimination. And EO-101 states direct evidence of discrimination always results in a finding against the employer. It is wrong for district court to dismiss plaintiff's complaint. I'm legally entitled to win the case because my rights under Title VII have been violated. Could you explain what that direct evidence is? That is, what is it that makes you believe that the reasons for any of these actions was your race, for example? Oh, actually more than race, it's color. I understand that. Any of the grounds that you allege, what is the evidence? What did anyone say or do that makes you believe that it was race, national origin, or color that led to any adverse consequence for you? Yes. I alleged nine occurrences of discrimination, including three retaliatory discrimination. And all of discriminations are due to miscourses. This is my black supervisor's discriminatory intent against me because I'm not black. The reason I'm saying it is I cannot think of any other reason than both Miss Coase and Miss Foner are black and I'm not. Oh, you ask me what is the evidence is. Yes. First of all, I'll take just three cases. Out of nine, the most important is that triggered me to file the EO filing is September 18, 2015. My black coworker threatened me, offended me in a threatening manner, and she's been violating work distribution rule, and I reported September 21. And over there, it detailed what my coworker did and how she threatened me. In that report, what happened is detailed. And after that, my supervisor had a meeting, September 28. And in that meeting, even though my coworker admitted she did wrong, she said it will not happen again. That means she admitted she did wrong, but still my supervisor took the side of my coworker. When you say took the side of, did anything bad happen to you as a result of that meeting? Yes. What was that? After that meeting, my supervisor put me on probation for verbal restraint and better office decorum, and that is bad. When you say put you on probation, is there something in your employment record that says you are now on probation? Is there any formal discipline of some kind? Or did she just tell you not to engage in verbal racial comments about your coworker? I have a probation note. The reason, because verbal restraint, first of all, that is discrimination. Why I'm saying it? Because I didn't utter a word. In the probation note, your words are inflammatory and unacceptable. But I didn't utter a word, inflammatory, unacceptable word. My coworker, she said, she was the one who uttered the inflammatory, unacceptable words. And she is the one who threatened me. I didn't say it. She said, when she said, what you going to do, what you going to do, when she was standing up, and the threatening of her torso is big, it's like when she stood up, it's like a mountain sprung up. And I was so shocked. What I was seeing, what I was hearing, I couldn't believe. And what you going to do, what you going to do? And I didn't respond. But in my mind, I said, my goodness, I cannot believe what I'm hearing, what I'm seeing. This is an immature teenage street gangster talk. I didn't say a word, but I wrote that in my report to the supervisor. And after that, my coworker threw the document over the desk, on my desk. It's like throwing the document at me. Again, I was shocked. But I didn't respond to that aggressive behavior. But I said in my report, your behavior is too low. You should not be working in an office. I pity you. So the reason my misconduct put me on probation is those words, just that words. When you say put you on probation, the note said that future misbehavior could result in disciplinary action. Yes. So how does that change? Wouldn't any misbehavior potentially result in disciplinary action anyway? What changed about your status because of that note? It's not what changed. I mean, the probation note itself is discrimination. And, Your Honor, what I think is this is what changed even in the- Yes, because you understand that the law deals with what are called adverse employment actions. Oh, yes. It's something that happened to you on the basis of race, color, national origin, et cetera. Is that something that is harmful? And what I'm saying is if nothing-if all that's happening here is you might be disciplined if you engage in misbehavior, that doesn't-that's just what the rules of the workplace are. That reminds me of the judgment over there. Yes, it says, like what you said now, plaintiff's allegations neither amount to an adverse action nor sustain a retaliation claim. That's what you're saying, Your Honor. Why is that wrong? Why is the court wrong to say it was not an adverse action? Okay. I say that that's an incorrect application of the law. Why? Because to constitute adverse action or retaliation claim, discriminatory actions need not be materially adverse. Why I'm saying this? EEO-101 states a tangible adverse action is not necessary to bring a claim of retaliation. And also- It has to be something that is enough that a reasonable person would stop complaining in the future, right? Okay. And another thing, in the-in the case of I think it's Merit of Savings Banks versus Vinson, I think it's in 1986, the Supreme Court established that non-economic harm that meets the severe or pervasive standard is sufficient to demonstrate an actionable discrimination claim. Thank you, Ms. Rasko. We have your papers, and we'll certainly consider them. Your time is up, though, so we've got to hear from the other side at this time. Okay. May I briefly conclude? I say because I'm not black, for long I've been suffering intentional discrimination, retaliation, and harassment. And the evidence is sufficient to prove defendant is liable for the misconduct alleged. Thank you. Okay. We'll hear from Ms. Ravitch at this point, then. Ms. Ravitch. Good afternoon, Your Honors. I'm Ellen Ravitch on behalf of the Administration for Children's Services. Ms. Rasko has worked at ACS for 11 years, and she's clearly not happy with her situation there. She's very critical of and seems to have very little respect for her supervisor and her co-worker, Ms. Fona. However, she also feels that anything that happens to her that she perceives as negative is because they are black and she is not. But being subjected to an action in the workplace that you don't like does not amount to racial discrimination just because you're not the same race as the person against whom you make the allegations or a different person who was not treated the same way. In this case, there are a lot of factual allegations that Ms. Rasko has brought before the court, and frankly, most of them are not properly before the court. She had several allegations about different incidents that happened back in 2010 and 2012. They're time-barred because she didn't bring her EEOC charge until 2016. In her reply, she tries to revive a claim of a continuing violation, which she did not pursue in her opening brief here. But again, there's no evidence that any of those three incidences from years before either were made for discriminatory reasons or had any connection to the later allegations that she makes. The only acts that she complained about to the EEOC involved this complaint about Ms. Fona not giving her the work, making this statement that she then described as immature teenage street gangster talk in a letter to her supervisor. And then she also does admit that when they had the meeting, she did utter the words, street gangster, or gangster talk, sorry, when Ms. Fona apparently said something to her that she doesn't remember when she entered the room. And then the other matters that she complained about to the EEOC were just the sort of fallout from that, that she was told, what she says is that she was put on probation, but basically she was told not to engage in similar kind of behavior. That similar kind of behavior could result in some kind of discipline, which Judge Lynch, I believe you're right, that it could have anyway without saying that. There was no kind of probation here. And then instructing her to apologize. So those are the only allegations that she brought before the EEOC. Well, is that right? Don't we normally assume that the EEOC's investigation would encompass any retaliation that came up in response to her complaints which she made internally, I take it also, of discrimination? So she, first of all, the retaliation that she is complaining about is retaliation made to the internal complaint. I understand that. Right. But given that the EEOC in looking into her underlying complaint would surely take into account retaliation, don't we normally assume that claims of retaliation don't need to be exhausted? Well, Your Honor, you actually issued a decision this week in due plan in which you authored the case, which my reading of that says that retaliation claims that where the action was different. That was a case in which there was never any lawsuit filed. Right. Somebody was trying to revive retaliation claims that would have been acceptable, would have been deemed exhausted if a lawsuit had been filed. Yes. That's quite different. Yes. The facts were different, but the statements of the law about that say that what is exempted from having to make another EEOC charge is retaliatory. That's what was exempted in that case. In that case. Right. That was not a case in which the issue that you're talking about here even arose. That's true because the facts are different. Right. But again, she had these matters that she felt were retaliatory and happened before she brought the EEOC charge, and they should have been in there. They weren't necessarily so related because all she complained about was this one incident about the language and being told not to use bad language and having to apologize. So again, but in any case, the district court correctly dismissed both the discrimination and retaliation and hostile work environment claims here because there was not any evidence sufficient to make out any of those claims. For the discrimination claim, the closest she does get to making an allegation of material adverse employment action was what she calls the probation note. But for the reasons, Judge Lynch, that you pointed out, it didn't change anything for her. She was not put on probation. She was just told not to. She was sort of reprimanded for using, not a formal reprimand, but she was told not to use inflammatory language, which she did use both in her writing and during that meeting. And she was told not to and just, again, told that similar behavior in the future could lead to some kind of action against her. It changed nothing. And even if it could have constituted an adverse action, there's nothing to show that it had anything to do with race. Again, just because the other two women were black and she was not, there's nothing in any of these allegations that references or even suggests that it's because she happened to be non-black, which seems to be her main point, and that they were black. She didn't like it. They didn't like her behavior. She didn't like their behavior. But what did it have to do with race? There's no evidence that it had anything to do with race. Again, with the hostile work environment claim, what she tries to latch on to the severe and pervasive language, and she complains that her co-worker talking noisily on the phone all day was what caused her a hostile work environment, that it was severe and it was pervasive and how could you possibly work when your co-worker is there loudly on the phone all day? And maybe that's true, but again, what did it have to do with race or any other illegal reason? Title VII doesn't protect you from a noisy neighbor at work unless it has something to do with an illegal reason. And for retaliation, again, while the employment action is a looser definition than is true for discrimination, she doesn't reach that either. All that happened here is that she was told that her time sheet was improper because the lunch hour was improper, and so she fixed it, and then it was approved. Or one day she wasn't granted leave to go to a doctor's appointment because she had only let the supervisor know the day before. And again, none of this was connected to her complaint, and so it doesn't show any kind of retaliatory motive. At the end of the day, Ms. Raskel bolsters her arguments with theories and statements that don't constitute evidence. She says, for example, in both of her briefs on appeal, that she would not have complained to Ms. Corse's supervisors if she had not been discriminated against, but that is not evidence. She defends her own behavior by saying that no one should be punished for saying what's true, and it's true that her co-worker's behavior was immature teenage street gangster talk. So she admits saying that, but she disagrees with the fact that her supervisor had a problem with that language. But again, that's not evidence that there was a racial motive in taking any action that she didn't like. She also maintains that she should win this case because— Your time has expired. Okay, can I— It's a reserved decision in this case, and that's our last case for this day. I'll ask the clerk to adjourn court. Court is adjourned.